UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:                                                  Case No. 3:15-bk-
                                                        Chapter 13
**Angela Gail Bradley,**

_____**Debtor.**____/

## CHAPTER 13 PLAN

The Debtor submits the following Chapter 13 Plan:

1.   The future earnings of the Debtor are submitted to the control and supervision of the Trustee, and the Debtor shall pay to the Trustee the sum of **$2,607.18** in months one through ten (1-10) and **$2,973.97** in months eleven through sixty (11-60) for a period of sixty (60) months.

2.   From the payments so received, the Trustee shall make disbursements as follows:

   A.   **PRIORITY CLAIMS**

   (1)   The fees and expenses of the Trustee shall be paid over the life of the Plan at the rate of ten percent (10%) of the amount of all payments under the Plan.

   (2)   **LANSING ROY, P.A.** is owed the sum of $2,000.00 for representing the Debtor in this bankruptcy case. In addition, this Creditor is owed the sum of $1,500.00 for representing the Debtor in a mortgage mediation. The Trustee shall pay this Creditor the sum of $3,500.00 with monthly payments in the amount of **$350.00** in months one through ten (1-10).

   (3)   **INTERNAL REVENUE SERVICE** holds a priority claim for unpaid personal income taxes estimated at $31,571.00. The Trustee shall pay this Creditor $31,571.00 with monthly payments in the amount of **$631.42** in months eleven through sixty (11-60) for a total of $31,571.00.

   B.   **SECURED CLAIMS**

   (1)   **JACKSONVILLE BANK,** 100 North Laura St, Jacksonville FL 32202, holds a first mortgage, Acct No. 0001, on Debtor's homestead property located at 431 20th Street, Atlantic Beach, FL. The Debtor intends to apply this mortgage to the modification mediation program. The Trustee shall make the regular monthly mortgage payment of **$1,445.00**. The Debtor is in arrears to this creditor which will be resolved through mediation. The Plan proposes a modified payment to the Creditor. Sixty (60) days following the filing of the Mediator's final report, the Debtor shall either modify to pay this claim as filed, modify to pay the modified mortgage payment (if different than what is

1

being paid under the Plan), or modify to surrender the property. If the Debtor does not move to modify the Plan within 60 days, the Creditor may request relief from the automatic stay under the local rules procedure using negative notice.

(2) **DUVAL COUNTY TAX COLLECTOR**, holds a non-purchase money security interest in the Debtor's homestead property located at 431 20th Street, Atlantic Beach, FL, in the amount of $8,810.83 for unpaid property taxes. The Trustee shall pay this Creditor the sum of $8,810.83 with monthly payments in the amount of **$223.74** in months one through sixty (1-60) that includes eighteen percent (18%) per annum simple interest for a total payment of $13,424.40.

(3) **TITLEMAX** 115 Kings Bay Road, Suite D, Kingsland GA 31548, has a non-purchase money security interest, Acct No. 7703, in a 2004 Volvo XC90 and is owed $2,894.27. The Trustee shall pay this Creditor the sum of $2,894.27 at the rate of five percent (5%) per annum simple interest with monthly payments in the amount of **$327.72** in months one through ten (1-10) for a total payment of $3,277.20.

(4) **INTERNAL REVENUE SERVICE** has a secured claim in the amount of $138,484.52 which the Debtor is valuing at $12,929.00. The Trustee shall pay this creditor the sum of $12,929.00 at the rate of three percent (3%) per annum simple interest with monthly payments in the amount of **$278.79** in months eleven through sixty (11-60) for a total payment of $13,939.50.

C. **UNSECURED CLAIMS**

Any claims filed after the deadline for filing proofs of claim shall receive no distribution under this Plan unless specifically provided for above. Unsecured creditors, including those secured creditors who have deficiency claims or whose liens have been voided, who timely file claims shall receive distribution pro-rata. The Trustee shall distribute **$97.62** in months eleven through sixty (11-60) among those unsecured creditors whose claims are filed and allowed for a total payment of $4,881.00.

3. **EXECUTORY CONTRACTS**. The Debtor does not reject any executory contracts.

4. **VESTING**. Title to all property of the estate shall revest in the Debtor upon confirmation of this Plan.

5. **RETENTION OF LIEN**. Secured creditors shall retain their liens until the allowed secured claim is paid in full.

6. **LATE FEES, ATTORNEYS' FEES, INTEREST & COSTS**. No creditor shall be entitled to any late fees, attorney's fees, other costs or interest other than the interest contained in the payments provided for by the plan during this bankruptcy, including the life of this Plan, except as ordered by this Court. Upon successful completion of this Plan, the Debtor's mortgage balance shall be deemed current as a matter of law.

7.  **INSURANCE**.  Debtor shall keep the collateral which secures any debt paid under this Plan insured as provided for in the agreement between the Debtor and Creditor.

**DATED** this 19th day of February, 2015.

LANSING ROY, P.A.

Christopher R. DeMetros, Esquire
Florida Bar No. 0863467
**Kevin B. Paysinger, Esquire**
Florida Bar No. 0056742
**William B. McDaniel, Esquire**
Florida Bar No. 084469
Attorney for Debtor(s)
1710 Shadowood Ln, Ste 210
Jacksonville, FL 32207-2184
court@lansingroy.com
Telephone:  (904) 391-0030
Facsimile:   (904) 391-0031
